# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

NORTHERN NATURAL GAS CO.,

                                                      Civil No. 23-1906 (JRT/DLM)

                              Plaintiff,

v.

EASEMENT AND RIGHT-OF-WAY ACROSS
33.523 ACRES MORE OR LESS, LOCATED
IN LOT 1, BLOCK 1 STEEPLE VIEW 2D
ADDITION, SCOTT COUNTY, MINNESOTA,
AARON LE, LAN LE, and BARNEY
FINANCIAL, LLC,

                              Defendants.

**MEMORANDUM AND ORDER OF LAW
GRANTING PARTIAL MOTION FOR
SUMMARY JUDGMENT**

---

Devin Driscoll, Howard A. Roston, and Patrick D. J. Mahlberg, **FREDRIKSON
& BYRON**, 60 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for
Plaintiff.

## BACKGROUND

Plaintiff Northern Natural Gas Company ("Northern") is a corporation organized

under the laws of the State of Delaware, with its principal place of business in Omaha,

Nebraska, and authorized to conduct business in the State of Minnesota.  (Decl. of Bryan

P. Kruger ("Kruger Decl.") ¶ 4, June 23, 2023, Docket No. 8.)  On June 22, 2023, Northern

initiated this action against the Easement and Right-of-Way Across 33.523 acres more or

less, located in Lot 1, Block 1 Steeple View 2d Addition, Scott County, Minnesota (the

"Land")[1], Defendants Aaron Le, Lan Le, Barney Financial, LLC, and all other unknown owners of or those holding an interest in the Land.  (Condemnation Compl. ("Compl."), June 22, 2023, Docket No. 1.)

Northern is in the interstate natural-gas pipeline transportation business and holds a Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission ("FERC"), authorizing Northern to "acquire, operate, and provide certificated services through natural-gas pipelines and related facilities under a blanket certificate authorizing routine services."  (Kruger Decl. at ¶ 6.)  *See also* 20 FERC ¶ 62,410, 1982 WL 40871 (Sept. 1, 1982).

In 2021, Northern began and completed construction on two town border stations ("TBS")—which are pressure-limiting stations that reduce the pressure of the natural gas stream delivered downstream of the station—located on the Land ("the Project"). (Kruger Decl. ¶¶ 8–9, 13.)  The TBS deliver gas to Minnesota Energy Resources Company facilities that serve the city of Elko New Market, Minnesota, and the surrounding area. (*Id.* ¶ 11.)  Northern alleges that the Project is necessary for a public purpose because it is "part of an integrated system to distribute and transport natural gas," and because it is needed "to repair and replace necessary facilities for the distribution and transportation of natural gas."  (Compl. ¶ 14.)  Additionally, Northern warns that if immediate use and

---

[1] The Land is more particularly identified by Exhibit A to the Condemnation Complaint. (*See* Condemnation Compl., Ex. A, June 22, 2023, Docket No. 1-1.)

possession is not granted, it could lead to a "dangerous and costly situation, affecting nearly 5,000 customers," and which will cause irreparable harm. (Kruger Decl. ¶¶ 19–20.)

Northern asserts that in order to operate and maintain the Project, it needs an easement and right of ingress and egress across the Land as depicted in Exhibit A to the Condemnation Complaint (the "Subject Easements"). (*Id*. ¶ 14; Compl., Ex. A, June 22, 2023, Docket No. 1-1.) Northern alleges that it initially acquired the Subject Easements, but that a subordination agreement was not reached with the allegedly senior mortgagee, which has now begun foreclosure proceedings on the Land. (Kruger Decl. ¶ 15.)

Northern filed a Motion for Partial Summary Judgment and Immediate Use and Possession. (Mot. Partial Summ. J., June 23, 2023, Docket No. 6.) Northern seeks an order declaring that they are entitled to acquire an easement by condemnation and right-of-way as depicted in Exhibit A to the Condemnation Complaint. (*Id.* at 1.) Northern also seeks an order granting it immediate use and possession of the Subject Easements, prior to the determination of just compensation. (*Id.* at 1–2; Pl. Mem. Supp. Mot. Partial Summ. J. at 7, June 23, 2023, Docket No. 7.)

Each defendant was served, but none answered the Condemnation Complaint or the motion for partial summary judgment. (*See* Aaron Le Certificate of Service, July 5, 2023, Docket No. 11; Barney Financial Summons, July 5, 2023, Docket No. 12; Lan Le Summons, July 6, 2023, Docket No. 13.)

-3-

**DISCUSSION**

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Natural Gas Act, 15 U.S.C. § 717 ("NGA"), establishes a comprehensive federal regulatory scheme for the interstate transportation and sale of natural gas.  15 U.S.C. § 717f(a).  To construct a natural gas pipeline in the United States, a company must first obtain a certificate of public convenience and necessity from the FERC.  *See* 15 U.S.C. § 717f(c)-(e).  The receipt of such certificate, "gives the recipient the authority to condemn land along the route of its pipeline under the power of eminent domain." *Alliance Pipeline L.P. v. 4.360 Acres of Land, More or Less, in S/2 of Section 29, Twp. 163 N., Range 85 W., Renville Cnty., N.D.* ("*Alliance Pipeline*"), 746 F.3d 362, 364 (8th Cir. 2014); *see also* 15 U.S.C. § 717f(h).  Before exercising the power of eminent domain, the holder of the certificate must also be unable to acquire the property by contract or unable to agree

-4-

with the property owner as to the amount of compensation, and the use of the property must be necessary to comply with the certificate.  15 U.S.C. § 717f(h).

There is no dispute that Northern has a valid certificate of public convenience and necessity, that it has not been able to obtain the property by contract, or that the easements are necessary.  The Court also finds that Northern has complied with the requirements of Federal Rule of Civil Procedure 71.1, which governs federal proceedings to condemn real and personal property by eminent domain.  *See* Fed. R. Civ. P. 71.1(a)-(c).  Thus, the Court concludes that as a matter of law, Northern is entitled to the Subject Easements.

However, to determine whether a certificate holder may obtain immediate use and possession prior to compensation, the Court must consider the same factors as for a motion for preliminary injunction.  *Alliance Pipeline* 746 F.3d 362 at 368 (citations omitted).  The Eighth Circuit applies the well-known *Dataphase* factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  Plaintiff's motion is unopposed, but the Court will nevertheless briefly consider each of the *Dataphase* factors.

First, Northern has demonstrated that it will face irreparable harm if the allegedly senior mortgagee alters or removes the TBS facility on the property because it would lead

-5-

to thousands of customers losing natural gas service.  Second, the balance of harms favors

Northern because the Defendants may be monetarily compensated for the taking.  *See*

*Alliance Pipeline*, 746 F.3d at 368 ("[A]ny prejudice to the Smiths could be offset by the

$3,000 per acre that Alliance had agreed to deposit with the clerk of court.").  Third, the

Court finds that the probability of success on the merits favors Northern.  Finally, the

public interest weighs in favor of granting immediate use and possession because

interference with the TBS may impact thousands of consumers and could create a

dangerous situation if the TBS are altered, removed, or damaged.

Therefore, the Court will grant the motion for partial summary judgment in full and

grant immediate use and possession to Northern.  However, the Court will require that

Northern post bond or security to ensure that Defendants are properly compensated.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Plaintiff Northern Natural Gas Company's Motion for Partial Summary
   Judgment and Immediate Use and Possession [Docket No. 6] is **GRANTED**;

2. Plaintiff Northern Natural Gas Company is hereby granted immediate use
   and possession of the Subject Easements, as depicted on Exhibit A of the
   Condemnation Complaint; and,

3. Plaintiff Northern Natural Gas Company is hereby ordered to post security
   before use and possession in the amount of $5,000 with the Court to ensure

that Defendants are properly compensated.   This security shall not be construed as a determination of the property's value.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  August 2, 2023
at Minneapolis, Minnesota.                                             JOHN R. TUNHEIM
                                                                       United States District Judge