UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Northern Natural Gas Co.,<br><br>Plaintiff,<br><br>v.<br><br>Easement and Right-of-Way Across<br><br>33.523 acres more or less, located in Lot 1, Block 1 Steeple View 2d Addition, Scott County, Minnesota, and<br><br>Aaron Le, Lan Le, Barney Financial, LLC, and all other unknown owners of or those holding an interest in the above lands<br><br>Defendants. | CIVIL NO. 23-CV-1906 (JRTSGE)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendant Barney Financial, LLC's ("Barney") Motion to Dismiss and for an Award of Attorneys' Fees (Dkt. No. 62). This matter has been referred to the undersigned by United States District Judge John R. Tunheim for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Based on the arguments of counsel, and on all the files, records and proceedings herein, the Court will recommend that the motion be granted in part and denied in part, and Barney be dismissed from this action.

## BACKGROUND

Plaintiff Northern Natural Gas Co. ("Northern") filed the complaint in this matter seeking an order of condemnation of an easement, the ascertainment of an award of just

compensation, and an order granting it title to and possession of the easements at question. (*See* Compl., Dkt. No. 1.)

In a separate action in Minnesota state court, the property on which the easement lay ("the Property") was subject to a judicial foreclosure proceeding in Scott County District Court. The state court entered judgment in favor of Barney on June 26, 2024, and Northern purchased the Property at a Sheriff's Sale on November 19, 2024. Scott County District Court Judge Paula Duggan Vraa entered an order confirming the sale on December 17, 2024. (See Dkt. No. 59, Ex. A.) The Parties agree that Barney no longer possesses any right, title, or interest in the Property.

## **FINDINGS OF FACT**

In 2021, Northern paid $150,000 to the owner of the Property, Aaron Le, for an easement to construct two town border stations on the Property. The stations were constructed and have been operating since 2021. According to affidavits in the record, these stations now service approximately 5,000 downstream customers in Elko New Market, Minnesota.

In 2016, Le took out a mortgage on the Property. Northern, for whatever reason, did not negotiate for subrogation of the mortgage nor engage with the mortgagor during the 2021 negotiations. Thus, Barney's predecessor-in-interest commenced foreclosure proceedings on February 10, 2023, in Scott County District Court.

On June 22, 2023, Northern filed the complaint in this matter seeking an order of condemnation of the easement and right-or-way at issue, an award of just compensation,

and an order granting Northern title to and possession of the easement. (Dkt. No. 1.) On May 28, 2024, the Honorable John R. Tunheim stayed this action because it was not ripe for review. (Dkt. No. 57.) The Court determined that Northern's alleged injury and risk of future harm was "far from being 'certainly impending,'" and remained "speculative and conjectural." (*Id.* at 6.)

The Scott County case proceeded. A Sheriff's Sale occurred on November 19, 2024, and Northern purchased the Property. On December 17, 2024, Scott County District Judge Vraa confirmed the Sheriff's Sale and granted Barney's petition to add increased costs and fees to the Outstanding Judgment. (Dkt. No. 59, Ex. A.)

The Parties now agree that Barney's interest in the Property was extinguished by the confirmation of the Sheriff's Sale. (See Mem. in Supp., Dkt. No. 64, at 1 (stating Barney's "no longer possesses any right, title, or interest in the Property and must be dismissed as a matter of law"); Pl.'s Resp., Dkt. No. 69, at 1 (stating that Barney's "interest in the subject property has been divested by the state-court foreclosure").)

## **CONCLUSIONS OF LAW**

The purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 21 allows courts to ensure that all necessary parties are present in a case and at the same time "avoid unduly complicating the proceeding." *Stark v. Indep. Sch. Dist.*

*No. 640*, 163 F.R.D. 557, 561 (D. Minn. 1995) (citing 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 1602, 1652, & 1681 (1986)).

Both parties agree that Barney should be dismissed from this action. As a result of the November 19, 2024 Sheriff's Sale and the December 17, 2024 Order confirming the same, Barney no longer possesses any right, title, or interest in the Property. Indeed, Barney's continued presence in a suit over property in which to which it holds no right, title, or interest, would serve only to unduly complicate an already "exceedingly odd" case. (Order Denying Mot. for Partial Summ. J., Dkt. No. 57, at 6.) Because Barney has no interest in the Property, Barney could not prevent or remedy any injury-in-fact that Northern is able to establish regarding the use of its easement. Dismissing Barney from this case will help secure the just, speedy, and inexpensive resolution of this matter.

Finally, the Court addresses Barney's request that Northern be ordered to pay its attorneys' fees and expenses incurred in being required to bring this motion. An award of attorneys' fees "is permissible under a court's inherent powers as long as the person being sanctioned has demonstrated bad faith." *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

Barney provides no authority supporting its request for fees incurred in bringing this motion, and although the Court might prefer counsel to have more constructive relationships with their counterparts during litigation, the Court does not conclude that any party or counsel has demonstrated bad faith. The Court expects members of the bar to

behave civilly towards each other and make every effort to prevent unnecessary litigation that inflicts costs on their clients, their opponents, and the Court. This issue should have been resolved without needing to resort to motion practice, but the Court ultimately recommends that attorney fees should not be awarded.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Barney Financial, LLC's motion be granted in part and denied in part as follows: (1) Barney Financial, LLC be dismissed from this action; and (2) each party be ordered to bear their own fees and costs.

Dated: February 12, 2025

                         *s/Shannon G. Elkins*
                         SHANNON G. ELKINS
                         United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).